# **<u>EXHIBIT B</u>**

1/4/2021 1:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 49349963
By: Wanda Chambers
Filed: 1/4/2021 1:31 AM

NO.  **2021-00001**

| | | |
|---|---|---|
| **CANDI WINDOM** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **vs** | § | |
| | § | **HARRIS  COUNTY, TEXAS** |
| **WALMART, INC** | § | |
| **Defendant,** | § | |
| | § | |
| | § | **152nd  JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

Ms. Candi Windom, plaintiff, complains of Walmart, Inc., Defendant herein, and for cause of action shows:

### 1. Selection of Discovery Level

The Petition is being filed under Level 2 of Rule 190.3.

### 2. Parties and Service of Citation

Plaintiff is an individual residing in Harris County, Texas. Defendant, Wal-Mart, Inc., is a foreign for-profit corporation and can be served with process through its registered agent of service, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### 3. Venue and Jurisdiction

Venue is proper in Harris County, Texas pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, because the incident which forms the basis of this suit occurred in Harris County, Texas, Plaintiff resides in Harris County, Texas, and Defendant does business in Harris County, Texas.

### 4. Facts

a.  The Wal-Mart Supercenter, Store # 5091, located at 26270 N.W. Frwy., Cypress Texas 77429 ("the Premises"), is an especially busy retail location

b.  Plaintiff went the Premises on or about January 4, 2019 to pick up a friend

c.  When Plaintiff arrived at Wal-Mart there was a large fight between multiple adults

d.  As Plaintiff was leaving the Premises, Plaintiff was stabbed on the arm by one of the adults involved in the fight.

### 5. Defendant's Negligence

Defendant own and operate the Premises where Candi Windom was stabbed.  Further, Defendant was responsible for providing security for the Premises.  Specifically, Defendant had an obligation to

provide security to patrol and monitor the entrances and common areas of the Premises, including the areas inside the store where Plaintiff was before Plaintiff was stabbed.

It was the responsibility of Defendant to provide security to the Premises due to the capacity of patrons at the Premises. Despite the crowd at the Premises on the day of the stabbing, no security guards were provided to protect the patrons at the Premises.

Candi Windsom's injuries, harms and losses would not have occurred but for the negligence, gross negligence and premises liability of Defendant. The occurrence made the basis of this lawsuit and the resulting injuries and damages were proximately caused by the following non-exhaustive list of acts and omissions of the Defendant, including:

a. Failing to keep a proper lookout;
b. Failing to maintain proper security equipment;
c. Failing to properly secure the premises;
d. Failing to properly patrol the premises in question;
e. Being inattentive; and
f. Failing to observe ordinary care and prudence given the circumstances.

Defendant owed a duty to Plaintiff to take reasonable care to discover dangers and to reduce or eliminate such dangers on the Premises. Defendant had a non-delegable duty of ordinary care to secure the Premises and to keep patrons of the Premises safe. Defendant failed to comply with this duty by failing to provide proper security at the Premises to discourage, timely stop, and/or prevent the stabbing from occurring. Defendant's failure to provide a guard on the Premises to prevent the Stabber from coming back on the Premises and protect patrons on the Premises created a hazardous condition to patrons of the Premises.

Each of the above acts and omissions, taken singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and caused injuries, harms, and damages to Plaintiff, Candi Windom.

Each of these acts and omissions, singularly or in combination with others, constituted gross negligence in that, when viewed objectively, it indicated an extreme degree of risk, considering the probability and magnitude of the potential harm to the invitees of the Premises, including Plaintiff. Defendant had actual, subjective awareness of the other risks but proceeded anyway with conscious indifference to the rights, safety, or welfare of others, and in particular, the invitees of the Premises. Such gross negligence was a proximate cause of the occurrence

### 5. Plaintiff's Damages
As a result of the incident, Plaintiff has suffered and will suffer personal damages and economic damages. Plaintiff brings this suit for the following damages:

a. Physical pain and disability suffered by the Plaintiff from the day of the injury to the time of trial;
b. Future physical pain and mental anguish reasonably anticipated to be suffered by the Plaintiff in the future;
c. Mental anguish, embarrassment and suffering sustained by Plaintiff from the day of the injury to the time of trial;
d. Loss of earnings sustained by Plaintiff from the date of injury to the time of trial;
e. Loss of earnings and earning capacity suffered by Plaintiff beyond the date of trial;

f.   Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of her injuries from the day of the injury to the time of trial;

g.   Reasonable and necessary medical expenses reasonably anticipated to be suffered by the Plaintiff in the future for treatment of her injuries;

h.   Physical impairment and disfigurement sustained by the Plaintiff from the date of injury to the time of trial; and

i.   Future physical impairment and disfigurement reasonably anticipated to be sustained by Plaintiff in the future.

**WHEREFORE,** plaintiff requests that defendant be cited to appear and answer, and that on final trial plaintiff have:

1.   Judgment against defendant for a sum within the jurisdictional limits of the Court, with prejudgment interest as provided by law.

2.   Interest after judgment at the legal rate until paid.

3.   Costs of suit.

4.   Such other and further relief to which plaintiff may be justly entitled.

Respectfully submitted,

Henderson Law Group, PLLC

By: /s/ Chadrick S. Henderson
Chadrick S. Henderson
POB 88323
Houston, TX 77288
Tel:  (832) 209-1441
Email:  chadhendersonlaw@yahoo.com
Fax:  (832) 209-1380
TBN:  00797854
Attorney for Plaintiff

**End of Document**

2/15/2021 9:57 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50654398
By: KATINA WILLIAMS
Filed: 2/15/2021 9:57 AM

CAUSE NO. 2021-00001

| | | |
|---|---|---|
| CANDI WINDOM | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WALMART INC. | § | |
| Defendant. | § | |
| | § | 152ND   JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant WALMART STORES TEXAS, LLC, incorrectly sued as Walmart Inc., files this Original Answer to Plaintiff's Original Petition ("Petition"), and in support thereof, would respectfully show the Court the following:

### I.   General Denial

1.      Under Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation made against Defendants in Plaintiff's Original Petition.

### II.   Affirmative Defenses

2.      Defendant asserts the affirmative defense of contributory negligence. The actions of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

3.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

4.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

1

5.      Defendant affirmatively pleads that Plaintiff's injuries were caused by the actions or inactions of parties not under Defendant's control.

6.      Defendant affirmatively pleads the defense set forth in Texas Civil Practice and Remedies Code Section 18.091, requiring Plaintiff to prove Plaintiff's loss of earning, loss of contributions of a pecuniary value, and/or loss of earning capacity in the form of a net loss after reduction for income tax payments or unpaid tax liability on said loss or earning claim pursuant to any federal income tax law.

7.      To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

8.      Plaintiff's claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

### III.  Jury Demand

9.      Defendant hereby exercises its rights to demand a trial by jury under Rule 216 of the Texas Rules of Civil Procedure on all issues triable by a jury.

### IV.  Request for Disclosure

10.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose, within thirty days of service of this request, the information or material described in Rule 194.2(a)-(l) and the documents described in Rule 194.4 of the Texas Rules of Civil Procedure.

2

## V.   Prayer

FOR THESE REASONS, Defendant WALMART STORES TEXAS, LLC., Incorrectly sued as Walmart Inc., respectfully prays that the Court enter a judgment that:

1.     Dismisses all claims against Defendant Walmart Stores Texas, LLC, incorrectly sued as Walmart, Inc., and orders that Plaintiff take nothing by reason of Plaintiff's allegations.

2.     Orders that Defendant recover all costs incurred in defense of Plaintiff's claims, and that Defendant's judgment against Plaintiff include the following:

a.   Costs of suit; and

b.   Such other and further relief, general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,
MEHAFFYWEBER, P.C.

By:/s/Maryalyce W. Cox
Maryalyce W. Cox
State Bar No. 24009203
One Allen Center
500 Dallas, Suite 2800
Houston, Texas  77002
Telephone  - (713) 655-1200
Telecopier  - (713) 655-0222
maryalycecox@mehaffyweber.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing document was furnished to counsel for Plaintiff on February 15, 2021, pursuant to the Texas Rules of Civil Procedure.

*Maryalyce W. Cox*
Maryalyce W. Cox

3

HOULITIGATION:1731010.1