United States District Court
Southern District of Texas
**ENTERED**
December 22, 2021
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CANDI WINDOM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-595 |
| | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Candi Windom, was stabbed in a Walmart store parking lot in January 2019. Windom sued Walmart for negligence in state court based on Walmart's failure to protect her on its premises. Walmart removed to federal court and moved for summary judgment, arguing that it did not owe a duty to protect Windom from this criminal activity from a third party because the risk was neither foreseeable nor unreasonable.

Based on the pleadings, the motion and response, the record evidence, and the applicable law, the court grants the motion for summary judgment and enters final judgment by separate order. The reasons are set out below.

I.    **Background**

Windom asserts that a friend contacted her from out of town to pick up the friend's daughter, who then worked at Walmart. The friend told Windom that the daughter, Ms. Riggs, had had previous encounters with a "family of six" who was threatening her at the Walmart where Riggs worked. (Docket Entry No. 7-1 at 6). This family of six had apparently been in a dispute with members of Riggs's family. (Docket Entry No. 7-1 at 17). Some of the family members were returning an item to Walmart and saw Riggs working there. They went home to get more

family members and returned to the store. (Docket Entry No. 7-1 at 12).  In the meantime, Riggs

told a store manager about the threats and the manager told her to go to the back of the store with

other managers.  Riggs called her mother, and her mother called Windom.  (Docket Entry No. 7-1

at ).

Windom testified that when she arrived at the store with her daughter, who came along to

do some shopping, Windom saw that there had already been some altercations and scuffles.

(Docket Entry No. 7-1 at 13).  She saw kids from the "family of six" throw stuff at her from the

bakery.  (Docket Entry No. 7-1 at 13).  Her daughter was fighting with another family member,

and her son was fighting as well.   (Docket Entry No. 7-1 at 13).  Windom asked the manager to

"call the police" or "do something." (Docket Entry No. 7-1 at 13–14).  As Windom left the store

with her daughter and went to her car, one of the members of the family of six stabbed her in the

arm.  (Docket Entry No. 7-1 at 15).  Riggs was able to leave the store.  (Docket Entry No. 7-1 at

15).   Windom used another person's cell phone to call the police and request an ambulance.

(Docket Entry No. 7-1 at 15–16).

Windom sued Walmart in state court for negligence, gross negligence, and premises

liability.  Walmart removed to federal court and moved for summary judgment, arguing that

Windom has failed to show that the risk of harm was foreseeable or unreasonable.

## II.    The Summary Judgment Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"

*Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019)

(quoting Fed. R. Civ. P. 56(a)).  "A material fact is one that might affect the outcome of the suit

under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury

could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 610 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating'" that "there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, [the summary judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in

3

his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.,* 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)). When the facts are undisputed, the court "need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law." *Flowers v. Deutsche Bank Nat. Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015).

## III.    Analysis

"[A]n individual normally has no legal obligation to protect others from the criminal acts of third parties, [but] '[o]ne who controls . . . premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee.'" *Jenkins v. C.R.E.S. Mgmt., L.L.C.*, 811 F.3d 753, 756 (5th Cir. 2016) (citing *Timberwalk Apartments Partners Inc. v. Cain*, 972 S.W.2d 749, 756 (Tex. 1998)). In assessing premises liability, "Texas courts first narrow the relevant criminal history to be included in the foreseeability analysis. The courts then compare that narrowed criminal history with the crime in question based on the five Timberwalk factors: proximity, publicity, recency, frequency, and similarity." *Jenkins*, 811 F.3d at 756.

In support of the motion for summary judgment, Walmart submitted Windom's deposition, (Docket Entry No. 7-1), and a photograph of the alleged incident, (Docket Entry No. 7-2). There is no evidence that the family of six had threatened or assaulted a Walmart employee or customer before the night in question. On that night, Windom, the customer, heard that some threats were made to Riggs, the employee, and went to pick Riggs up. When Windom got to the store to pick up Riggs, management had taken Riggs to the back with other management team members. (Docket Entry No. 7-1 at 13). Windom saw kids throwing cupcakes and other bakery goods. (Docket Entry No. 7-1 at 13). Riggs returned to the front of the store, where there was some

4

fighting between members of the family of six and others, including with Windom's own son and daughter.   (Docket Entry No. 7-1 at 12).   As Windom was in the parking lot to leave with her daughter, a woman later identified as Pwanido and a member of the family of six hit Windom with a sharp cleaver on the arm.  (Docket Entry No. 7-1 at 15).

The question is whether Walmart knew or had reason to know of an unreasonable and unforeseeable risk of harm to an invitee from third party criminal acts.  *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex. 1997).  "Foreseeability is established through evidence of 'specific previous crimes on or near the premises.'" *Trammel Crow Cent. Tex., Ltd. v. Gutierrez*, 267 S.W.3d 9, 12 (Tex. 2008) (quoting *Timberwalk*, 972 S.W.2d at 756).  "'The foreseeability of an unreasonable risk of criminal conduct is a prerequisite to imposing a duty of care'; otherwise, a person who controls property would be subject to a universal duty to protect against third-party criminal conduct."  *Trammell Crow Cent. Texas*, 267 S.W.3d at 17 (quoting *Timberwalk*, 972 S.W.2d at 756).  Windom has not presented evidence of earlier crimes at Walmart similar to what occurred here.  There is no evidence of prior verbal threats or action against the employee, Riggs, or members of her family, at the Walmart store.  There is no evidence of earlier violent acts by the family of six in the store or parking lot.   There is no evidence of other recent stabbings or similarly violent crimes in the parking lot. The record shows no unusual presence at Walmart, much less threats of violence at Walmart, by members of a group identified as the "family of six" before the incident in question.  Walmart learned from Riggs that she was verbally threatened by members of a "family of six," with whom her family had a prior dispute, on the day of the fight.  On this record, Windom cannot raise a factual dispute as to whether the risk was foreseeable to Walmart.

Windom argues that it is enough that she told Walmart to call the police and that Walmart knew that members of the family of six were verbally threatening Riggs.  She urges that Walmart

needed to call the police and empty the store. (Docket Entry No. 7-1 at 22 ("So, your belief that Walmart should have had either security or employees clear out the premises? A. Yes.")). The cases do not support this argument. The verbal threats do not support an inference that Walmart knew or had reason to know that a stabbing or similarly violent act would result. Walmart knew that Riggs reported threats from members of a "family of six," who had a dispute with her family, and that members of the family were coming to the store. The cupcake throwing and scuffling that resulted did not present a basis for a reasonable jury to find that Walmart knew or had reason to know of an unreasonable and unforeseeable risk of a violent attack by a third party on an invitee. *See Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 229 (Tex. App.—El Paso 2002, no pet.) (verbal abuse and heated exchanges did not make a violent assault foreseeable). Indeed, the evidence is that Windom herself was related to some of those involved in the fighting and that her own son was part of the melee. Because Windom has failed to show that the risk of criminal conduct was foreseeable, she has failed to establish that Walmart had a duty to protect her.

For similar reasons, Windom has not shown that there is a factual dispute material to resolving whether the risk of harm was unreasonable. The unreasonableness of a risk "turns on the risk and likelihood of injury to the plaintiff, . . . as well as the magnitude and consequences of placing a duty on the defendant." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010). Windom has not presented facts to show that the risk of a stabbing was likely. Her argument that Walmart should have cleared the store places a great burden on the retailer. Windom has also failed to provide any facts to support that Walmart knew or should have known that the police were needed to prevent a violent crime sooner or that calling the police sooner would have prevented the harm. She has not shown that Walmart ignored an unreasonable risk of harm.

## IV.    Conclusion

The motion for summary judgment, (Docket Entry No. 7), is granted.  This case is dismissed, with prejudice.  An order of dismissal is separately entered.

SIGNED on December 22, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge